# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 11-2085

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Northern District of Iowa. |
| Lloyd Williams, also known as Teddy, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: December 7, 2011
Filed: January 6, 2012

_____

Before MURPHY, ARNOLD, and BENTON, Circuit Judges.

_____

PER CURIAM.

Lloyd Williams pleaded guilty to distributing cocaine base and to distributing it within 1000 feet of a school, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 860(a). He also entered a guilty plea, under North Carolina v. Alford, 400 U.S. 25 (1970), to conspiring to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846. The district court[1] imposed a sentence of 10 years in prison (the statutory minimum) and 8 years of supervised release. His counsel has moved to withdraw and filed a brief under Anders v. California, 386 U.S.

_____

[1]The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa.

738 (1967), questioning whether Mr. Williams's guilty plea was knowing and voluntary. In a pro se brief, Mr. Williams argues that the prosecutor violated his rights by threatening to bring more serious charges against him if he did not plead guilty.

Because Mr. Williams did not move to withdraw his guilty plea in the district court, he cannot challenge the voluntariness of his plea on direct appeal. See United States v. Umanzor, 617 F.3d 1053, 1060 (8th Cir. 2010). Further, the pro se argument is unavailing. See Bordenkircher v. Hayes, 434 U.S. 357, 364-65 (1978) (prosecutor does not violate defendant's constitutional rights by carrying out threat to impose more serious charges if defendant does not plead guilty).

Having reviewed the record independently under Penson v. Ohio, 488 U.S. 75 (1988), we find no nonfrivolous issue. Accordingly, we affirm the judgment of the district court and we grant counsel's motion to withdraw, subject to counsel informing Mr. Williams about procedures for seeking rehearing or filing a petition for certiorari.

_____